**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ORION HEALTHCORP, INC., | BANKRUPTCY CASE NO.: |
| | 8-18-71748-ast |
| DEBTOR. | |

| | |
|---|---|
| HOWARD M. EHRENBERG, in his capacity as Liquidating Trustee of | |
| ORION HEALTHCORP, INC., | |
| | Adversary Proceeding No. |
| Plaintiff, | 8-20-08038-ast |
| v. | |
| EVICORE HEALTHCARE MSI, LLC | |
| Defendant. | |

**ANSWER WITH AFFIRMATIVE DEFENSES**

The Defendant eviCore Healthcare MSI, LLC hereby answers the Chapter 11 Trustee's March 13, 2020 Adversary Complaint on behalf of Orion Health Corp., Inc., and asserts affirmative defenses, as follows:

**JURISDICTION, VENUE, AND NATURE OF THIS PROCEEDING**

1. The Defendant admits the allegations of Paragraph 1.

2. The Defendant denies the allegations of Paragraph 2. The Defendants principal address is 400 Buckwalter Place Blvd., Bluffton, SC 29910.

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant admits the allegations of Paragraph 4.

5. The Defendant admits the allegations of Paragraph 5.

6. The Defendant admits the allegations of Paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore leaves the Plaintiff to its proof.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore leaves the Plaintiff to its proof.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore leaves the Plaintiff to its proof.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore leaves the Plaintiff to its proof.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore leaves the Plaintiff to its proof.

12. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore leaves the Plaintiff to its proof.

13. The Defendant admits the allegations of Paragraph 13.

14. The Defendant denies the allegations of Paragraph 14.

## FIRST CLAIM FOR RELIEF

15. The Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

16. The Defendant denies the allegations of Paragraph 16.

17. The Defendant denies that the "Transfers" are properly defined, and lacks sufficient knowledge or information to respond to the remaining allegations of Paragraph 17.

18. The Defendant denies that the "Transfers" are properly defined, but admits that certain transfers were made for the Defendant's benefit to pay for services rendered in the ordinary course of business.

19. The Defendant denies that the "Transfers" are properly defined, and the remainder of Paragraph 19 states a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore leaves the Plaintiff to its proof.

20. The Defendant denies that the "Transfers" are properly defined, and the remaining allegations of Paragraph 20 state a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore leaves the Plaintiff to its proof.

21. The Defendant denies that the "Transfers" are properly defined. The remaining allegations of Paragraph 21 state a legal conclusion to which no response is required. To the extent that any response is required, the Defendant admits that the second sentence of Paragraph 21 accurately paraphrases 11 U.S.C. § 547(f).

22. The Defendant denies that the "Transfers" are properly defined. The remaining allegations of Paragraph 22 state a legal conclusion to which no response is required. To the extent that any response is required, the Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and therefore leaves the Plaintiff to its proof.

23. The Defendant denies that the "Transfers" are properly defined. The remaining allegations of Paragraph 23 are admitted.

24. The Defendant denies that the "Transfers" are properly defined. The remaining allegations of Paragraph 24 state a legal conclusion to which no response is required. To the extent that any response is required, the Defendant denies allegations contained in Paragraph 24.

**SECOND CLAIM FOR RELIEF**

25. The Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

26. The Defendant denies the allegations of Paragraph 26.

27. The Defendant denies the allegations of Paragraph 27.

## STATEMENT CONCERNING ENTRY OF FINAL ORDERS OR JUDGMENT

Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Defendant DOES consent to the entry of final orders or judgment by the Bankruptcy Court.

## PRAYER FOR RELIEF

The Defendant denies that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Defendant asserts its Affirmative Defenses to the Complaint as Follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case for recovery under 11 U.S.C. §§ 502, 547 and 550, and by this failure has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and it should therefore be dismissed.

## THIRD AFFIRMATIVE DEFENSE

The transfers alleged above are not avoidable pursuant to Section 547(c)(1) of Title 11 of the United States Code. To the extent that any of the transfers alleged in the Complaint occurred, one or more of such transfers were intended by the debtor and the Defendant to be a contemporaneous exchange for new value given, and was or were in fact a substantially contemporaneous exchange.

**FOURTH AFFIRMATIVE DEFENSE**

The transfers alleged above are not avoidable pursuant to Section 547(c)(2) of Title 11 of the United States Code. The transfers alleged in the Complaint, to the extent they occurred, were on account of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the Defendant, and were made in the ordinary course of business or financial affairs of the debtor and the Defendant or according to ordinary business terms.

**FIFTH AFFIRMATIVE DEFENSE**

The transfers alleged above are not avoidable pursuant to Section 547(c)(4) of Title 11 of the United States Code. To the extent that any of the transfers alleged in the Complaint occurred, after each such transfer occurred, the Defendant gave new value to or for the benefit of the debtor which was not secured by an otherwise unavoidable security interest, and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent the Defendant acted as a mere conduit between the debtor and a third party and/or did not have dominion and control over the transfers alleged in the Complaint, the Defendant was not an initial transferee pursuant to Section 550 of the Bankruptcy Code. Such transfers, therefore, are not subject to avoidance.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that a contract existed between Defendant and the debtor, and was assumed, or assumed and assigned, by the debtor under Section 365 of the Bankruptcy Code, the Plaintiff is estopped from pursuing the claims asserted in the Adversary Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, under the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Defendant denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies Plaintiff is entitled to any relief whatsoever from the Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. §101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted, as governed by Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant respectfully requests that the Court enter an order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of Defendant and against the Plaintiff with respect to all matters before this court, and that Defendant be granted such other and further relief as the Court deems just, equitable, and proper.

Dated: April 10, 2020

                                    DEFENDANT,
                                    EVICORE HEALTHCARE MSI, LLC

                                    By: /s/ *Erik C. DiMarco*
                                    Erik C. DiMarco, Esq.
                                    Gordon Rees Scully Mansukhani, LLP
                                    1 Battery Park Plaza, 28th Floor
                                    New York, NY 10004
                                    Tel: (212) 453-0771
                                    edimarco@gordonrees.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2020, a copy of the foregoing Answer with Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Erik C. DiMarco*
Erik C. DiMarco, Esq.